IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| ALAN ANDERSON | : | NO. 03-602 |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 24th day of September, 2008, upon consideration of Defendant Alan Anderson's *pro se* Application for Early Termination of Supervised Release,[1] and the Government's letter/response dated September 23, 2008,[2] **IT IS ORDERED** that Defendant Alan Anderson's *pro se* Application for Early Termination of Supervised Release is **DENIED**.

The decision of the Court is based on the following:

1. Defendant was convicted of mail fraud and tax evasion on May 10, 2004, following a jury trial. On April 15, 2005, the Court sentenced defendant to a term of imprisonment of one (1) year and one (1) day, and three (3) years of supervised release;

2. Defendant was released from custody on or about April 23, 2006. He has served approximately two (2) years and five (5) months of supervised release, and now seeks early termination of supervised release. In support of his Application for Early Termination of Supervised Release, defendant cites the following:

---

[1] The Application, dated August 19, 2008, was submitted to the Court in letter form. A copy of the Application shall be docketed by the Deputy Clerk.

[2] A copy of the Government's letter/response dated September 23, 2008, shall be docketed by the Deputy Clerk.

      a.    "I have demonstrated my ability to follow the strict guidelines of both my term of incarceration and my term of Supervised Release by not being involved in activities whatsoever that would have resulted in any write ups, reprimands or violations.

      b.    I have not committed, nor have I been a party to any individuals that are in involved with, any forms of illegal activity

      c.    I do not consume illegal drugs nor do I indulge in any excessive consumption of alcoholic beverages.  I also do not associate with individuals who are involved with such activities.

      d.    I pose no threat to the community at large, as a matter of fact, I have continued to volunteer as a coach, official and mentor to young athletes in and around my community;

      e.    I have secured and maintained (other than a 3 month layoff) employment since day one of my re-entry.

3. The Government objects to early termination of supervised release on the ground that defendant's reasons for such action demonstrate that, although he has complied with the conditions of his supervision, his conduct is not extraordinary.  The Government also points to the fact that defendant is paying his restitution only sporadically;

4. Early termination of supervised release is a decision entrusted to the sound discretion of the District Court.  It is warranted only in cases where a defendant demonstrates changed circumstances such as extraordinary good behavior. *United States v. Caruso*, 241 F. Supp.2d. 466, 468 (D.N.J. 2003);

5. 18 U.S.C. § 3583(e) provides for modification of conditions or revocation of supervised release. The statute provides, in part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)–
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such

action is warranted by the conduct of the defendant released and the interest of justice;

6. In determining whether termination of supervised release is appropriate, the Court must evaluate, among other things, the nature and circumstances of the offense, defendant's history and characteristics, the need to deter criminal conduct, the need to protect the public from further crimes of the defendant, the need to provide defendant with correctional treatment, the types of sentences established for defendants with similar characteristics, and the need to avoid unwarranted disparity among similar defendants;

7. The Court, after considering all of the above criteria, and defendant's reasons for seeking early termination of supervised release, concludes that, although defendant's conduct is commendable, it is not exceptional and does not warrant early termination of supervised release. Defendant was convicted after trial of serious tax offenses. Such offenses harmed the Internal Revenue Service and all citizens of the United States and taxpayers. The Court also notes that, in sentencing defendant, it varied downward from a Guideline Sentencing Range of 33 to 40 months to sentence of one (1) year and one (1) day in custody; and,

8. The Court commends defendant for his conduct while on supervised release, but determines that the conduct is not exceptional such as to warrant early termination.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**